UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BARRY REAVES, individually, and on behalf of others similarly situated,<br><br>          Plaintiff,<br>vs.<br><br>JOSTEN'S, INC.,<br><br>          Defendants. | Case No. |

## COLLECTIVE ACTION COMPLAINT WITH JURY DEMAND

Plaintiff, BARRY REAVES, individually and on behalf of all others similarly situated, by and through his attorneys BROWN, LLC and GREG COLEMAN LAW PC, hereby bring this Collective Action Complaint against Defendant JOSTEN'S, INC., and states as follows:

## INTRODUCTION

1.  This is a collective action brought pursuant to 29 U.S.C. § 216(b) by Plaintiff, BARRY REAVES, individually and on behalf of all similarly situated persons employed by Defendant JOSTEN'S, INC., arising from Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

2.  Defendant is a manufacturer of memorabilia. The company is primarily known for its production of yearbooks and class rings for various high schools and colleges as well as championship rings for sports. Defendant is headquartered in Bloomington, Minnesota and has production factories in Clarksville, Tennessee, Denton, Texas; Eagan, Minnesota, Laurens, South Carolina, Mobile, Alabama, Norman, Oklahoma, Sedalia, Missouri, and Shelbyville, Tennessee, as well as several locations in Canada.

3.     Defendant violated the FLSA by excluding time hourly-paid factory workers spend working before their shifts from the work hours used to compute their pay.

4.     As a result, hourly-paid factory workers were consistently not paid for time before their scheduled shifts, during which they performed preparatory work activities that were integral and indispensable to their job duties.

5.     Because hourly-paid factory workers' pre-shift work frequently occurred in workweeks that exceeded 40 hours, Defendant's failure to pay them for such time violates the FLSA's overtime provisions, which require employers to pay 1.5x an employee's regular rate of pay for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

6.     Plaintiff brings this action on a collective basis pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated hourly-paid factory workers employed by Defendant in the United States at any time within the three years preceding the commencement of this action through the date of judgment (the "Collective"), and seeks declaratory relief and unpaid minimum wages and overtime, liquidated damages, fees and costs, and any other remedies to which he may be entitled.

## JURISDICTION AND VENUE

7.     This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question.

8.     The court has personal jurisdiction over Defendant because it has systematic and continuous contacts with the State of Tennessee, and Plaintiff's claims arise out of those contacts.

9.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

2

## PARTIES

10. Plaintiff is an adult individual who resides in Montgomery County, State of Tennessee.

11. Plaintiff was employed by Defendant as an hourly-paid factory worker from approximately March 2012 to June 2020 and worked in Defendant's factory in Clarksville, Tennessee.

12. Defendant JOSTEN'S, INC., is a Minnesota corporation registered in Tennessee with its principal place of business at 7760 France Avenue South, Suite 400, Bloomington, Minnesota 55435.

13. Defendant's registered agent for service of process in Tennessee is CT Corporation System, 300 Montvue Road, Knoxville, Tennessee 37919.

## FACTUAL ALLEGATIONS

14. Defendant has and continues to employ hourly-paid factory workers.

15. Hourly-paid factory workers work at Defendants' factories and assist with the production of yearbooks, class rings, and other merchandise.

16. Hourly-paid factory workers' job titles include, but are not limited to, foil stamper, binder operator, machine operator, and press operator.

17. Hourly-paid factory workers work full-time schedules that regularly include hours in excess of forty (40) in a workweek.

18. Hourly-paid factory workers regularly begin performing preparatory work activities before their scheduled shifts.

19. The preparatory work activities hourly-paid factory workers perform before their shifts are integral and indispensable to their job duties.

3

20.     Defendant pays hourly-paid factory workers an hourly rate of pay.

21.     In determining hourly-paid factory workers' hours worked, Defendant regularly excludes time hourly-paid factory workers spend working before their shifts.

22.     As a result, hourly-paid factory workers are consistently not paid for the time they spend performing preparatory work activities before their scheduled shifts.

23.     Because hourly-paid factory workers' pre-shift work frequently occurs workweeks that exceed 40 hours, Defendant's failure to pay them for such time violates the FLSA's overtime provisions, which require employers to pay 1.5x an employee's regular rate of pay for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

24.     Defendant knew (or alternatively, reckless disregarded the possibility) that hourly-paid factory workers performed preparatory work activities before their shifts that were integral and indispensable to their job duties, and that these activities were uncompensated as a result of Defendant's policy of excluding pre-shift time from the work hours used to compute their pay.

## COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All hourly-paid factory workers employed by Defendant in the United States at any time within the three years preceding the commencement of this action through the date of judgment.*

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition as necessary.

26.     With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this collective action

are similarly situated because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

27.     The employment relationships between Defendant and every FLSA Collective member are the same and differ only by name, location, and rate of pay. The key issues are the same for every FLSA Collective member, such as:

     a.  Whether the FLSA Collective members spent time working pre-shift;

     b.  Whether Defendant maintained a policy or practice of failing to pay FLSA Collective members for time spent working before their shifts;

     c.  Whether Defendant failed to pay FLSA Collective members for time working pre shift;

     d.  Whether Defendant's violations of the FLSA were willful and/or in good faith.

28.     Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include several hundred members. The precise number of FLSA Collective members should be readily available from a review of Defendant's personnel and payroll records.

## COUNT I
### (29 U.S.C. § 216(b) Collective Action)
### Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.
### FAILURE TO PAY OVERTIME

29.     Plaintiffs re-allege and incorporate all previous paragraphs herein.

30.     29 U.S.C. § 207(a)(1) provides:

[N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less

5

than one and one-half times the regular rate at which he is employed.

31. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq.*

32. Defendant is an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

33. Defendant is an enterprise that has employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

34. Defendant employed Plaintiff and other FLSA Collective members.

35. Defendant excluded time Plaintiff and other FLSA Collective members spent working before their shifts from the work hours used to compute their pay.

36. As a result, Plaintiff and other FLSA Collective members were consistently not paid for time before their scheduled shifts, during which they performed preparatory work activities that were integral and indispensable to their job duties.

37. Because Plaintiff's and other FLSA Collective members' pre-shift work frequently occurs in workweeks that exceed 40 hours, Defendant's failure to pay them for such time violated the FLSA's overtime provisions, which require employers to pay 1.5x an employee's regular rate of pay for hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

38. Defendant's failure to pay Plaintiff and other FLSA Collective members overtime wages was knowing and willful. Defendant knew that their policies resulted in Plaintiff and FLSA Collective members not being paid for time spent working outside of their scheduled shift, and Defendant could have properly compensated them for such work, but did not. *See* 29 U.S.C. § 255(a) ("[A] cause of action arising out of a willful violation [of the FLSA] may be commenced

within three years….").

39.     Defendant's failure to pay Plaintiff and other FLSA Collective members overtime was not done in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement policy of such departments.

40.     The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff, Barry Reaves, individually and on behalf of all others similarly situated, requests an entry of an Order the following relief:

    a.  Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the claims set forth herein;

    b.  Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

    c.  Declaring Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

    d.  Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective, the full amount of damages and liquidated damages available by law;

    e.  Awarding reasonable attorneys' fees and costs incurred by Plaintiff in this action as provided by 29 U.S.C. § 216(b);

7

f.  Awarding pre- and post-judgment interest to Plaintiffs on these damages; and

g.  Awarding such other and further relief as this Court deems appropriate.

## **JURY DEMAND**

Plaintiff, Barry Reaves individually and on behalf of all others similarly situated, by and through his attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Dated: January 20, 2021

RESPECTFULLY SUBMITTED,

By:  /s Lisa A. White
Lisa A. White (TN Bar # 026658)
GREG COLEMAN LAW PC
First Tennessee Plaza
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Main:   865-247-0080
lisa@gregcolemanlaw.com

*Local Counsel for Plaintiff*

Jason T. Brown
Nicholas Conlon
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
Phone:   (877) 561-0000
Fax: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Lead Counsel for Plaintiff*